UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

----------------------------------x

UNITED STATES OF AMERICA  :

v.  :

EDWARD ROQUE  :

----------------------------------x

2004 NOV 17 P 12: 35

U.S. DISTRICT COURT
HARTFORD, CT.

Crim. No. 3:02CR00353(AWT)

## NOTICE TO PARTIES

The court received the attached letter from the petitioner. The court notes that it cannot act on requests submitted in letter form.  The petitioner must file a motion with an accompanying memorandum.

Also, the court notes that it cannot accept responsibility for serving copies of the petitioner's papers on opposing counsel.  Any future filings that do not contain the appropriate certificate of service will be returned.

It is so ordered.

Dated this 16th day of November, 2004, at Hartford, Connecticut.

Alvin W. Thompson
United States District Judge

Edward Roque
Reg No. 14989-014
FCI Otisville
P.O. Box 1000
Otisvlile, NY 10963

**RECEIVED**

NOV 0 1 2004

**U.S. DISTRICT COURT
HARTFORD, CONN.**

October 25, 2004

Clerk of the Court
U.S. District Court
District of Connecticut
915 Lafayette Boulevard
Bridgeport, Connecticut 06604

Re:     USA v. Edward Roque
        Cr. No. 3:02CR353(AWT)

Dear Clerk:

In an effort to preserve certain rights guaranteed by the constitution, and in an attempt to determine the status of the case as referenced above, I note the following:

on or about November 31, 2003, the defendant sent a pro se letter to the Court. That letter raised numerous claims as to his guilt or innocence of the underlying offense. That letter included claims ranging from goverment misconduct, as well as ineffective assistance of counsel. See attached copy of the goverment's response to defendant's "post sentencing, pro se communication to the Court, certified and dated February 25, 2004.

Out of an abundance of caution, based on a recent Supreme Court decision, and in the absence of counsel, attempting to preserve any available rights concerning the Supreme Court case Blakely v. Washington, together with its most recent decision of October 5, 2004, I would respectfully request the Court review defendant's case in light of that Supreme Court decision[s], defendant would also request the Court appoint counsel to research and brief any possible claim the defendant may be entitled under the constitution and its protections.

I would note for the Court, that since the receipt of the goverment's response, that clearly indicates that they served notice to defendant' attorney. However, the goverment also indicated that they were unclear, at that point whether defendant was proceeding pro se or with the assistance of appointed counsel.

The defendant would point out for the Court, that since having received the goverment's response I have not heard from counsel, either by letter and/or phone communication, neither has the

defendant received any word from the Court concerning the instant
case, and/or the status of said.    Therefore, it would have been
unwise to the goverment any clear indication that I would be
either proceeding pro se or with the assistance of his Court
appointed trial attorney, and imprudent to do so.  Much less
unwise considering the rights he would be jeopardizing.

    An additional cause of concern and claim which the defendant
feels warrants address by the Court, relates to an argument put
forward in the goverment's response, at page 1 ¶-3, which states
the following:

> "By virtue of his criminal record, which
> included more than three prior convictions for
> crimes of violence and/or serious drug offenses,
> the defendant was subject to the armed career
> criminal penalties set forth in 18 U.S.C. §924(e)."

    In this regard, the defendant would note that based on his
attorney's failure to object to those assertions and allegations
put forth by the goverment, was a product of ineffective assistance
because, in this instant the goverment never followed the procedure
for enhancement under the armed career act.  neither did the
goverment produce a certified copy of the judgement of conviction
with respect to either of the alleged cases it intended to use
for the specific purpose of ACCA.

    Moreover, this Honorable Court was never given nor viewed
evidence to wit: certified copies of the convictions that would
have proved the burden of fact of conviction. As is expressed
in a sobriquet of cases both in the Circuit Courts and District
Courts nationally.  Clearly the burden was upon the goverment
to prove the facts of the priors it intended to use when it seeks
to include the priors conviction in a sentencing determination.
Here the _prima_ _facia_ proof of the convictions was submitted by
the production of arrest records, NCIC report, PSI, that made
reference to the prior convictions intended for use for the §
924(e).  This issue with respect to the 924(e) offense, is
an issue that is well supported by the records, and should be
allowed to proceed where there is cause to believe that a grave
miscarriage of justice will be caused, and committed.

    The defendant wishes also to bring attention to an immediate
situation in which he finds himself.  At this present time the
defendant is being housed in the segregation housing unit at
FCI Otisville, and has been at that place of confinement for
nearly seven months.  Although the administration has advised
him that he is pending transfer, the defendant still labors in
a state of isolation, and inadequate access to legal materials
and/or the several other materials to properly effect any appeal.
To further complicate this matter, defendant is fundamentally
an illiterate with least than adequate reading capabilities to

his pleadings.  At this time, the defendant has sought the
assistance of a fellow inmate with enough comprehensive knowledge
in the law to prepare the instant letter motion.  Thus it is
additionally requested that the Court grant defendant a continuance
or that it hold his action in abeyance up until he is transfered,
and arrives at his next designated Federal Facility.  At which
time the defendant will notify the Court of his arrival, that
would include the date of said arrival.

    In closing, I would note for the Court, that the defendant's
case as best to his knowledge, is currently pending litigation,
his date of sentence was October 31, 2003.  In addition, it is
evidenced by the records, where the goverment itself sought
guidance from the Court as to the appropriate steps to take with
respect to whether the Court will proceed defendant's action
as a §2255 or as a direct appeal. (Gvt's Response at pg. 5).
Finally, defendant since the date of the goverment's response
has not been notified of any decision on the part of the Court,
and would pray upon its sound judgement to deliver a decision
that is just as it would deem appropriate.

                              Respectfully submitted

                              Edward Roque
                              Edward Roque


                    CERTIFICATION


    I hereby certify that a true and correct copy of the forgoing
was sent via institutional legal system, pre postage paid this
29, day October 2004, to the United States District Court, 419
Lafayette Boulevard, Bridgeport, Connecticut 06604.  Defendant
would ask that the Court serve a copy upon the U.S. on his behalf,
where defendant is indigent and is presently housed at the
segregation housing unit.

                              Edward Roque
                              Inmate Number 14989-014
                              FCI Otisville
                              P.O. Box 1000
                              Otisville, NY 10963