UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDWARD ROQUE,

    Petitioner:                      Criminal Case No. 3:02CR00353

v.                                     Civil Action No. 3:02CV01654

UNITED STATES OF AMERICA,

    Respondent:

PETITIONER REQUESTS LEAVE OF THIS COURT TO "AMEND"
HIS PREVIOUSLY FILED SUPPLEMENTAL MEMORANDUM PERTAINING
TO HIS COURT APPOINTED COUNSEL, DAVID A. MORAGHAN,
ESQUIRE, AND COUNSEL'S COERCION WHICH INDUCED THE
PETITIONER TO ENTER A PLEA OF GUILTY, WHICH IS RELEVANT
TO THE [INSTANT] PETITIONER'S CLAIMS OF
INEFFECTIVE ASSISTANCE OF COUNSEL, AND THE
PETITIONER'S ACQUIESCENSE WHICH WAS INDUCED BY THE
"ON THE RECORD STATEMENTS OF THE HONORABLE ALVIN
W. THOMPSON, AT THE HEARING ON THE MOTION TO DISMISS
COURT APPOINTED COUNSEL PROCEEDINGS, HELD ON THE
<u>DATE OF APRIL 14, 2003, AT PAGE 6, LINES 4 THRU 12</u>

    COMES NOW, the instant Petitioner, Edward Roque, pro-se, (Hereinafter, "Petitioner"), in the above captioned proceedings and respectfully requests this Honorable Court's leave to "amend" his previously filed supplemental memorandum in pertinent part as follows to remove his inadvertent, misleading, erroneous, and untrue statements that he has attributed to the Honorable Judge Alvin W. Thompson, et cetera.  In support of the Petitioner states as follows:

(1). In the caption heading of the Petitioner's supplemental memorandum the Petitioner mistakenly stated that:

"[...Ruling of Honorable Alvin W. Thompson...]"

(a). Petitioner now concedes that there was, in fact, no such ruling made by the Honorable Alvin W. Thompson, instead it was merely a statement by the District Court Judge that was mis[q]uoted in Petitioner's supplemental memorandum as follows:

> "[... that if I was not satisfied with attorney representation I could not come before him and request effective assistance of counsel whenever is not at my satisfaction and that if I did came before him, my chances to receive the effective assistance of counsel would be zero.]"

(b). In fact the Honorable Alvin W. Thompson's actual **statement was as follows:**

THE COURT: 'We'll appoint someone from the panel, then. I hope you understand, Mr. roque, that this isn't something you can just come in and do whenever you are dissatified. If you meet with your new attorney and decide you don't like that attorney, you come in and tell me "I really want a new lawyer," well, the chances are about zero that you're going to get one. Do you understand that?'

(2). The instant Petitioner deeply regrets this egregious error and/or total misstatement of the factual record, and wishes to take this unique opportunity to issue his sincere and humble apology to the Honorable Alvin W. Thompson herein. The instant Petitioner promises to be much more careful with his filed representations to this Honorable Court in any future filings also.

> I. The Instant Petitioner Seriously Disagrees With The Government's Response to His 28 U.S.C. § 2255 Motion, And The Government's Statement That the "...Petitioner Affirmed Several times That He Was Happy With The Assistance He Had Recieved From His Attorney..."

During his Rule 11, Guilty Plea Colloquy on page 9, the instant Petitioner stated as follows:

THE DEFENDANT: "Yes, I have discussed the matter with him several times and I agree with whatever he's giving me of information regarding my case."

Other than this above referenced statement, there is absolutely no clear and concise statement from the instant Petitioner that he was, in point of fact, happy with the assistance he had received. In fact, the above statement contains no reference to the Petitioner's being happy with the assistance he received either. Thus the government prosecutor who researched, prepared, and filed this aforementioned response with this Honorable Court is guilty of perpetrating an egregious "fraud upon the Court," pursuant to the standard articulated in the Supreme Court's precedential case of **Hazel-Atlas Glass Co. v. Hartford Empire Co.**, 322 U.S. 238, 88 L.Ed. 1250, 64 S.Ct. 997 (1944).

> II. Because of the Statement By the Honorable Alvin W. Thompson, Petitioner Felt That His Dissatisfaction With the Ineffective Assistance of Court Appointed Counsel Would Not Be Taken Judicial Notice of by the Honorable Alvin W. Thompson, Even if the Record Disclosed Counsel's Ineffectiveness

Court appointed counsel's failure to enter a requested objection to the fact that there were not supposed to be any enhancements to his sentencing exposure prejudiced Petitioner's ability to bring this claim to the district court's attention. Likewise, a claim

for a correction of the instant Petitioner's sentence imposed is now in order, pursuant to Federal Rule of Civil Procedure 60(b)(1) & (6) because he was erroneously sentenced under the formerly mandatory and binding sentencing regime known as the United States Federal Sentencing Guidelines, which a recent Supreme Court's decision in the case of <u>United States v. Booker</u>, 543 U.S. 125 S.Ct. 738, 746, 160 L.Ed.2d 621 (2005) has now been found to be unconstitutional insofar as they implicate the Sixth Amendment to the Federal Constitution of the United States. Also see, <u>Blakely v. Washington</u>, 542 U.S. 124 S.Ct. 2531, 2538, 159 L.Ed.2d 403 (2004); <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); <u>Jones v. United States</u>, 526 U.S. 227, 243, n. 6 (1999); <u>In re Winship</u>, 397 U.S. 358, 364 (1970).

In **Blakely**, the Supreme Court ruled that:

> "[t]he "statutory maximum" for **Apprendi** purposes is the maximum sentence a judge may impose solely on the basis of facts reflected in the jury verdict or admitted by the defendant. In other words the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings."

<u>Id.</u> at 2537.

Pursuant to <u>United States v. Hughes</u>, 396 F.3d 374, 381 n. 8 (4th Cir. 2005) [Hughes I] ("...even a sentence that 'falls within the range of reasonableness unquestionably impugns the fairness, integrity or public reputation of judicial proceedings" whenever it was imposed under a regime that treats the Guidelines as mandatory"). Thus, even the government must concede that the present case should be remedied within the district court via resentencing because the sentence of the instant Petitioner was based in substantial part on judicial fact-findings made under

the now known to be erroneous assumption that the United States Federal Sentencing Guidelines were mandatory and binding, rather than "to be read as advisory."

In the prior sentencing regime, which was a mandatory and binding scheme where the judge had no discretion in his application of the law to determine a particular sentence, it was constitutionally irrelevant whether the mandatory sentence was enacted by Congress in the form of a statute or promulgated by the United States Sentencing Commission in the form of a binding guideline. See, **Booker**, 543 U.S., at 751.

In this particular case, the instant Petitioner admission(s) could be construed as ambiguous at best, ill-advised at worst: See - Guilty Plea, Dated august 13, 2003, Before The Honorable Alvin W. Thompson, U.S.D.J., at page 27, lines 7 through 11 as follow:

THE DEFENDANT: 'Yes, Your Honor. I recognize that on October 25, I did possess the firearm and that prior to this possession, on this 25th day of October, I was aware that I was a convicted felon. And I had prior convictions."

Consequently, the issue here is also whether under the rationale of **Booker**; **Blakely**; and **Apprendi**; as well as **Winship**, the Petitioner had a constitutional right to require the government to prove beyond a reasonable doubt to the satisfaction of a unanimus jury that he had, in fact, been convicted of the specific predicate aforementioned felonies or whether, as the government will urge it was constitutionally sufficient for the judge to find those facts by a mere preponderance of the evidence standard? based upon the aforementioned ambiguous and/or ill-advised admission by the

Petitioner due to the coercion and ineffective assistance of counsel as complained of herein and in the Petitioner's prior filed 28 U.S.C. § 2255, et cetera?

## Conclusion

**WHEREFORE,** the instant Petitioner, Edward Roque, pro-se, who has great respect for the "Separation of Powers" and the authority of Congress to enact sentencing legislation, does not reach the foregoing conclusions in his challenges presented to the sentencing procedures of this district court as complained of herein hastily. Nor is the Petitioner seeking and striving for a wholesale disregard by this Honorable Court of mandatory minimum sentences enacted by Congress. Petitioner merely asserts that before such an "enhanced sentence" such as the one he received of 17 and 1/2 years can be imposed, in the particular circumstances presented in the instant case, that the Federal Constitution requires the government to go to the modest inconvenience of proving to a jury beyond a reasonable doubt the facts upon which such a mandatory minimum and/or "enhanced sentence" is based.

Dated:  July 27, 2005

Respectfully submitted,

*[signature]*

EDWARD ROQUE, PRO-SE LITIGANT
Reg. No. 14989-014
USP-Lewisburg
P. O. Box 1000
LEWISBURG, PENNSYLVANIA 17837

# CERTIFICATE OF SERVICE

I, __Edward Roque, pro-se__, hereby certify that I have served a true and correct copy of the foregoing:

Request For Court's Leave to Amend Supplemental Memorandum"

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, <u>Houston vs. Lack</u>, 101 L.Ed.2d 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

United States Attorney's Office
Federal Bldg. & U. S. Courthouse
450 Main Street, Room # 328
Hartford, CT. 06103

and deposited same in the United States Postal Mail at the United States Penitentiary,

Signed on this __27th__ day of __July__, 2005

Respectfully Submitted,

*[signature: Edward Roque]*
EDWARD ROQUE

REG. NO. __14989-014__